IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL LIVERMAN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 08-1562 |
| | : | |
| v. | : | |
| | : | |
| HARRIS GUBERNIK, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

Slomsky, J.                                                    December 30, 2008

## I.    INTRODUCTION

Before the Court are Motions of Defendants Harris Gubernik, Terrance Moore, Lillian

Budd, Kenneth Estepp, James Brandt, James F. Cawley, Stephen Shantz and Dale Haring to

Dismiss Plaintiff Darryl Liverman's Amended Complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure (Doc. Nos. 28, 31, and 43).  Plaintiff Liverman has also filed a

Motion for Summary Judgement against all Defendants (Doc. No. 35) and a Motion for a

Preliminary Injunction (Doc. No. 59).

In his Amended Complaint, Plaintiff brings a claim under 42 U.S.C. § 1983 against

various Department of Corrections and Bucks County Correctional Facility (BCCF) officials for

violation of his Eighth Amendment rights.  Plaintiff alleges that Defendants violated his right to

be free from cruel and unusual punishment by failing to provide Plaintiff with adequate mental

health care.  Plaintiff alleges that he has been diagnosed with Bi-Polar Disorder and that

Defendants were deliberately indifferent to his serious medical needs by failing to provide

medication to stabilize Plaintiff's mental health condition.

Plaintiff alleges that upon being brought to BCCF on February 29, 2008, he told the officers in reception that he had Bi-Polar Disorder.  He was given a psychiatric classification and was placed on "watch."  (Pl. Compl. at 1).  Plaintiff then spoke to an unidentified social worker in the mental health unit.  Plaintiff said he took "Abilify" for treatment of his Bi-Polar Disorder. (Id. at 2)  On March 4, 2008, Plaintiff met with Dr. Kenneth Estepp for a psychiatric evaluation. (Id. at 3.)  Plaintiff alleges that he told Dr. Estepp that Plaintiff was diagnosed with Bi-Polar Disorder and was proscribed Abilify "on the street" for treatment of that condition.  (Id. at 3.) Plaintiff alleges Dr. Estepp told Plaintiff that Plaintiff's medication could not be confirmed, and that Dr. Estepp refused to prescribe any medication for treatment of Plaintiff's Bi-Polar Disorder. (Id. at 3.)  Plaintiff alleges that he told Dr. Estepp that Plaintiff was having "racy" thoughts, was in a manic state, and was getting only two hours of sleep per night.  (Id. at 3.)

In his response to the Motion to Dismiss filed by Defendants Harris Gubernik, Director of the Bucks County Department of Corrections, Terrance Moore, Warden of BCCF, and Lillian Budd, Plaintiff states that on March 8, 2008, Plaintiff informed Defendants Gubernik and Moore via a "grievance" and  "green slip" that Plaintiff's requests for mental health treatment were being ignored.  (Pl.'s Resp. in Opp'n to Defs. Mot. to Dismiss 2.)  Plaintiff alleges that Defendants Gubernik's and Moore's failure to respond to these complaints demonstrate deliberate indifference to Plaintiff's serious medical needs.  (Id.)

On April 3, 2008, Plaintiff met with Dr. James Brandt, Dr. Estepp's supervisor at BCCF. (Pl. Compl. at 3.)  Plaintiff alleges that he told Dr. Brandt that Plaintiff was being denied treatment for his Bi-Polar Disorder and that Dr. Brandt failed to provide medication.   (Id. at 3.)

Plaintiff further alleges that he informed James Cawley, whom Plaintiff alleges is the "Chairman for the Bucks County Commissioners" of the violation of his Eighth Amendment rights, but Mr. Cawley also failed to order treatment.  (Id. at 4.)

On April 28, 2008, Plaintiff asked Lillian Budd, whom Plaintiff alleges is the "Assistant Warden of Treatment,"[1] to provide medication for the treatment of his Bi-Polar Disorder, but Ms. Budd failed to do so.  (Id. at 4.)

On May 8, 2008, Plaintiff appeared before Judge Rea Boylan in the Bucks County Court of Common Pleas and requested that he be committed to Norristown State Hospital for psychiatric treatment.  (Id. at 4.)  Judge Boylan granted Plaintiff's request on May 8 and committed Plaintiff to Norristown State Hospital for a period of no longer than sixty (60) days. (Id. at 4.)  Plaintiff alleges that his public defender, Defendant Stephen Shantz, failed to forward Judge Boylan's Order to Dr. Brandt, who was in charge of Plaintiff's transfer from BCCF to Norristown State Hospital.  (Id. at 4.)  Plaintiff further alleges that he contacted Dale Haring, Plaintiff's case manager, Ms. Budd, and Mr. Cawley, because as of July 18, 2008, Plaintiff had not yet been transferred to Norristown State Hospital.  (Id. at 4.)  Plaintiff alleges that Mr. Shantz has shown deliberate indifference to Plaintiff's serious medical needs by failing to forward Judge Boylan's Order to the appropriate officials at BCCF.  (Id. at 4.)

On July 2, 2008, Plaintiff again met with Dr. Brandt to request medication for his Bi-Polar Disorder and to request that his transfer to Norristown State Hospital be effectuated.  (Id. at 5.)  Dr. Brandt did not provide medication and told Plaintiff that he would be transferred to

---

[1]  In his Response to Defendant Budd's Motion to Dismiss, Plaintiff alleges that Ms. Budd is the "Assistant Warden of Inmate Services/Treatment, which makes her the supervisor of mental health coordination."  (Pl.'s Resp. in Opp'n to Defs. Mot. to Dismiss 3.)

Norristown State Hospital in September of 2008.[2]   (Id. at 5.)

All Defendants have filed a Motion to Dismiss Plaintiff's Amended Complaint.  For the reasons that follow, Defendants' Motions to Dismiss will be denied in part and granted in part.

## II.    STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (stating that this statement of the Rule 12(b)(6) standard remains acceptable following the U.S. Supreme Court's decision in Bell Atlantic Co. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  To withstand a motion to dismiss under Rule 12(b)(6), "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  Id. at 232 (quoting Twombly, 127 S.Ct. at 1965).  Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element."  Id. at 234 (quoting Twombly, 127 S.Ct. at 1965); see also Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 322 (following Phillips).  This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965) (quotations omitted).

When deciding a motion to dismiss under Rule 12(b)(6), a court may properly consider

---

[2]According to the Motion to Dismiss of Defendants Cawley, Shantz, and Haring, Plaintiff was transferred to Norristown Hospital on August 28, 2008.  (Defs.' Mem. of Law in Supp. of Mot. to Dismiss 2 n.2.)

the factual allegations contained in the complaint, exhibits attached thereto, documents

referenced therein, matters of public record, and undisputedly authentic documents attached as

exhibits to the defendants' motion to dismiss if the plaintiff's claims are based on those

documents.  Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d

Cir. 1993), cert. denied, 510 U.S. 1042 (1994).

## III.    DISCUSSION

Plaintiff claims that Defendants violated Plaintiff's right to be free from cruel and

unusual punishment under the Eighth Amendment of the United States Constitution by failing to

provide medical treatment for Plaintiff's mental health disorder.  In order to state a claim based

upon the Eighth Amendment for failure to provide medical care under 42 U.S.C. § 1983, Plaintiff

must allege facts that show that each Defendant was deliberately indifferent to Plaintiff's serious

medical need.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); Spruill v. Gillis, 372 F.3d 218, 235

(3rd Cir. 2004); Despaigne v. Corlew, 89 F. Supp. 2d 582, 587 (E.D. Pa. 2000) ("Denial of

medical care constitutes a constitutional violation where a prison official has been deliberately

indifferent to the serious medical needs of an inmate.").  Deliberate indifference is more than just

negligence or medical malpractice; the standard is met only where the doctor is "intentionally

inflicting pain on a prisoner."  Id.  (quoting White v. Napoleon, 897 F.2d 103, 109 (3rd Cir.

1990)).  In order for a prison supervisor to be liable under Section 1983, the supervisor must have

been a "moving force" behind the alleged constitutional violation.  Sample v. Diecks, 885 F.2d

1099, 1118 (3d Cir. 1989).  However, "where prison authorities deny reasonable requests for

medical treatment, and such denial exposes the inmate to undue suffering or the threat of tangible

residual injury," the prisoner may state a claim under Section 1983.  Id.

5

A.    <u>Actual Injury</u>

In order to recover for mental or emotional injury suffered while in prison, the Prison Litigation Reform Act requires that Plaintiff make "a prior showing of physical injury."  42 U.S.C. § 1997e(e) (1996).  Plaintiff has made no showing that he suffered any physical injury as a result of the alleged actions of Defendants, and his Amended Complaint will be dismissed.  In his Amended Complaint, Plaintiff has only alleged that he was having "racy" thoughts, was in a manic state, and was getting only two hours of sleep per night.  These claims appear to cover mental or emotional injury.  Without a showing of physical injury, Plaintiff may not succeed on any of his claims for damages and his Amended Complaint must be dismissed.  42 U.S.C. § 1997e(e) (precludes damages relief for mental injury without a prior showing of physical injury); <u>see also</u> <u>Toussaint v. Good</u>, 276 Fed. Appx. 122, 125 (3d Cir. Pa. 2008).[3]

Since the Court cannot conclude that Plaintiff would be unable to make such a showing, Plaintiff will be granted leave to file a Second Amended Complaint against certain Defendants.  Plaintiff must allege some factual matter showing actual physical injury in order for his Second Amended Complaint to withstand a Rule 12(b)(6) challenge.  Because Plaintiff does not state a claim under Section1983 against Defendants, but may be able to do so against certain Defendants in a Second Amended Complaint, the Court will address the individual Defendants' Motions to Dismiss.

_____

[3]  The Third Circuit has noted that Congress enacted Section 1997e(e) in part because "unlike physical injuries, emotional injuries are inherently difficult to verify and therefore tend to be concocted for frivolous suits."  <u>Mitchell v. Horn</u>, 318 F.3f 523, 535 (3d Cir. Pa. 2003).

B.    Motion to Dismiss of Defendants Gubernik, Moore, and Budd

1.    *Harris Gubernik*

Defendant Gubernik is the Director of Bucks County Department of Corrections.  As to

Mr. Gubernik, Plaintiff alleges only that Plaintiff informed Mr. Gubernik via a "grievance" and

"green slip" that Plaintiff's requests for mental health treatment were being ignored.  (Pl.'s Resp.

in Opp'n to Defs. Mot. to Dismiss 2.)  Mr. Gubernik never responded to Plaintiff's complaints.

The theory of *respondeat superior* cannot be the basis of a claim under Section 1983.  To

the extent that Plaintiff's claim against Mr. Gubernik relies on this theory, it must be dismissed.

See e.g., Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a

claim based on a *respondeat superior* theory of liability."); Rode v. Dellarciprete, 845 F.2d 1195,

1208 (3rd Cir. 1988) ("[L]iability [under Section 1983] cannot be predicated solely on the

operations of *respondeat superior*.").  In order for a non-medical prison official in a supervisory

role to be held liable under Section 1983, the defendant must have had personal involvement in

the constitutional violation.  Rode, 845 F.2d at 1208.  Personal involvement can be shown if the

supervisor "kn[ew] of the constitutional deprivation, participated in the deprivation or acquiesced

to the wrongful conduct.  Id.; Despaigne v. Corlew, 89 F. Supp. 2d 582, 587 (E.D. Pa. 2000).  A

mere "linkage in the prison chain of command" is not sufficient to demonstrate that a supervisory

defendant has had personal involvement in an alleged constitutional violation for the purposes of

Section 1983.  See Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985).  In addition, merely

receiving and failing to respond to a grievance sent by a prisoner is not sufficient to demonstrate

personal involvement of a prison supervisor, especially when such a failure does not subject the

prisoner to a substantial risk of harm.  See Brooks v. Horn, No. 00-03637, 2004 Westlaw

7

764385, *5 (E.D. Pa. April 7, 2004).   Plaintiff has alleged no personal involvement on the part of Mr. Gubernik in the alleged violation of Plaintiff's constitutional rights.

Furthermore, Plaintiff was already under medical care in BCCF when he wrote to Mr. Gubernik.  Courts have found that when a prisoner is under the care of medical personnel, a non-medical supervisor is entitled to defer to the professional judgement of the prison doctor.  Spruill, 372 F.3d at 236.  Mr. Gubernik was therefore entitled to believe that Plaintiff was receiving adequate medical care and had no duty to act on Plaintiff's behalf.  Id. ("If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands . . . Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain [the prison's] division of labor.").

Defendant Gubernik's Motion to Dismiss the Amended Complaint will granted because: (1) Plaintiff cannot show that Defendant Gubernik acted with deliberate indifference to Plaintiff's serious medical need because Mr. Gubernik had no personal involvement in the alleged violation of Plaintiff's constitutional rights; (2) the theory of *respondeat superior* is not a proper basis of a Section 1983 claim; and (3) Plaintiff was already under the care of the prison doctors when he contacted Mr. Gubernik.

### 2.   *Terrance Moore*

Defendant Terrance Moore is the Warden of BCCF, where Plaintiff was housed after February, 2008.  As to Mr. Moore, Plaintiff alleges only that Plaintiff informed Mr. Moore via a "grievance" and  "green slip" that Plaintiff's requests for mental health treatment were being ignored.  (Pl.'s Resp. in Opp'n to Defs. Mot. to Dismiss 2.)  Mr. Moore never responded to Plaintiff's complaints.  Mr. Moore, like Mr. Gubernik, is a non-medical BCCF supervisor who

had no personal involvement in the alleged violation of Plaintiff's constitutional rights.  The above analysis used in reference to Mr. Gubernik's Motion to Dismiss applies with the same force to Mr. Moore.  Mr. Moore's Motion to Dismiss the Amended Complaint will be granted because: (1) Plaintiff cannot show that Defendant Moore acted with deliberate indifference to Plaintiff's serious medical need because Mr. Moore had no personal involvement in the alleged violation of Plaintiff's constitutional rights; (2) the theory of *respondeat superior* is not a proper basis of a Section 1983 claim; and (3) Plaintiff was already under the care of the prison doctors when he contacted Mr. Moore.

3.    *Lillian Budd*

Plaintiff alleges that Ms. Budd is the "Assistant Warden of Treatment," who has the ability to prescribe medication and address Plaintiff's medical concerns.  If Ms. Budd is vested with this authority, then Plaintiff may be able to state a claim against her under Section 1983.  As to Defendant Budd, Plaintiff alleges that on April 28, 2008, Plaintiff asked Ms. Budd to provide medication for the treatment of his Bi-Polar Disorder, but Ms. Budd failed to do so.  (Pl. Compl. at 4.)  Plaintiff does not indicate whether Ms. Budd is authorized to prescribe medicine to Plaintiff.  Plaintiff's allegations against Ms. Budd do not inform the Court of whether Ms. Budd had the right to rely upon the decisions of the prison doctors or whether she acted with deliberate indifference.  Plaintiff's Amended Complaint fails to adequately state a claim against Ms. Budd to survive a Rule 12(b)(6) Motion to Dismiss at this time, but Plaintiff is granted leave to file a Second Amended Complaint, expanding the allegations, if any, against Ms. Budd.

C.      Motion to Dismiss of Defendants Estepp and Brandt

        1.      *Kenneth Estepp*

Defendant Dr. Estepp is a psychiatrist at BCCF.  In his Amended Complaint, Plaintiff alleges that on March 4, 2008, Plaintiff met with Dr. Estepp for psychiatric evaluation.  (Pl. Compl. at 3.)  Plaintiff alleges that he told Dr. Estepp that Plaintiff was diagnosed with Bi-Polar Disorder and was proscribed Abilify "on the street" for the treatment of that condition.  (Id. at 3.)  Plaintiff alleges that Dr. Estepp told Plaintiff that Plaintiff's medication could not be confirmed and Dr. Estepp refused to prescribe any medication for the treatment of Plaintiff's Bi-Polar Disorder.  (Id. at 3.)  Plaintiff alleges that he told Dr. Estepp that Plaintiff was having "racy" thoughts, was in a manic state, and was getting only two hours of sleep per night.  (Id. at 3.)  Despite these complaints, Dr. Estepp allegedly would not prescribe Plaintiff any medication to control his Bi-Polar Disorder.  Plaintiff alleges that Dr. Estepp's failure to prescribe the requested medication violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

A prison doctor can be liable under Section 1983 for violation of the Eighth Amendment prohibition against cruel and unusual punishment when the plaintiff can prove that the defendant was deliberately indifferent to plaintiff's serious medical need.  Spruill, 372 F.3d at 235.  As noted above, to succeed in proving deliberate indifference, plaintiff must show more than malpractice or negligence.  Plaintiff must show that the defendant's actions were intended to inflict pain and suffering on plaintiff.  Id.;  White, 897 F.2d at 109.  A claim that prison authorities withheld medical treatment may be sufficient when such denial exposes plaintiff to "undue suffering or the threat of tangible residual injury."  Spruill, 372 F.3d at 235.

10

As against Dr. Estepp, Plaintiff has alleged that he met with Defendant on March 4, 2008, and that Dr. Estepp refused to prescribe Plaintiff medication for his Bi-Polar Disorder, despite Plaintiff's complaints to the Doctor that he was experiencing some of the common symptoms and that he was prescribed medication for the disorder outside of prison. These allegations alone do not satisfy the pleading standard for a Section 1983 claim premised upon violation of the Eighth Amendment.

Plaintiff has not sufficiently alleged facts in his Amended Complaint that state a claim against Dr. Estepp for deliberate indifference. However, this Court cannot conclude that Plaintiff could never make such allegations. Therefore, the Court orders that Plaintiff is granted leave to file a Second Amended Complaint expanding the allegations, if any, against Dr. Estepp.

2.      *James Brandt*

Defendant James Brandt is Dr. Estepp's supervisor at BCCF. He is also a psychiatrist. Plaintiff alleges that he met with Dr. Brandt on April 3, 2008, and told Dr. Brandt that Plaintiff was being denied treatment for his Bi-Polar Disorder. (Pl. Compl. at 3.) Plaintiff further alleges that on July 2, 2008, Plaintiff again met with Dr. Brandt to discuss Plaintiff's mental health condition and the status of Plaintiff's transfer to Norristown State Hospital. Plaintiff alleges that at that time, Dr. Brandt told Plaintiff that Plaintiff would be transferred in September of 2008. Additionally, Plaintiff alleges that during the July 2, 2008 meeting, Dr. Brandt continued to refuse to provide Plaintiff with medication for his Bi-Polar Disorder.

Based on the standard articulated above for a Plaintiff to state a claim under Section 1983 for violation of the Eighth Amendment prohibition against cruel and unusual punishment, Plaintiff's allegations against Dr. Brandt fail to adequately state a claim. However, this Court

11

cannot say that Plaintiff could never assert facts upon which an adequate claim of deliberate
indifference could be made.  Therefore, the Court orders that Plaintiff is granted leave to file a
Second Amended Complaint expanding the allegations, if any, against Dr. Brandt.

       D.      <u>Motion to Dismiss of Denfendants Cawley, Shantz, and Haring</u>

       1.      *James F. Cawley*

Plaintiff alleges that Defendant James F. Cawley is the Commissioner of Bucks County.
Plaintiff states that he informed Mr. Cawley of the alleged violation of Plaintiff's Eighth
Amendment rights and that Mr. Cawley failed to order treatment for Plaintiff.  (Pl. Compl. at 3.)
Plaintiff also alleges that he sent Mr. Cawley copies of Plaintiff's Motion for Summary
Judgement and other documents.  (<u>Id.</u> at 3, 4).

Plaintiff has failed to state a claim against Mr. Cawley.  Based upon the same analysis
conducted above in regard to Mr. Gubernik, Plaintiff is unable to state a claim against Mr.
Cawley under Section 1983 for violation of his Eighth Amendment Rights.  Defendant Cawley's
Motion to Dismiss the Amended Complaint will granted because: (1) Plaintiff cannot show that
Defendant Cawley acted with deliberate indifference to Plaintiff's serious medical need because
Mr. Cawley had no personal involvement in the alleged violation of Plaintiff's Constitutional
rights; (2) the theory of *respondeat superior* is not a proper basis of a Section 1983 claim; and (3)
Plaintiff was already under the care of the prison doctors when he contacted Mr. Cawley.

       2.      *Stephen Shantz*

Defendant Stephen Shantz was Plaintiff's public defender in the Spring of 2008.  In order
to be held liable in a Section 1983 action, a defendant must act under color of state law.  42
U.S.C. § 1983; <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988).  The United States Supreme Court has

held that public defenders are not state actors for the purposes of Section 1983.  Therefore, Plaintiff cannot state a Section 1983 claim against Mr. Shantz.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").  For this reason, Defendant Shantz's Motion to Dismiss Plaintiff's Amended Complaint will be granted.[4]

> 3.    *Dale Haring*

Defendant Haring is alleged to be a "case manager" at BCCF.  Plaintiff alleges that on May, 22, 2008, Plaintiff met with Mr. Haring, a non-medical prison official, to discuss why Plaintiff had not yet been transferred to Norristown State Hospital and Mr. Haring told Plaintiff that the transfer process could take up to eight weeks.  No other facts are alleged about Mr. Haring.

Plaintiff has failed to state a claim against Mr. Haring.  Defendant Haring's Motion to Dismiss the Amended Complaint will granted because: (1) Plaintiff cannot show that Defendant Haring acted with deliberate indifference to Plaintiff's serious medical need because Mr. Haring had no personal involvement in the alleged violation of Plaintiff's constitutional rights; (2) the theory of *respondeat superior* is not a proper basis of a Section 1983 claim; and (3) Plaintiff was already under the care of the prison doctors when he contacted Mr. Haring.

> E.    <u>Plaintiff's Motion for Summary Judgement and for a Preliminary Injunction</u>

Plaintiff has also filed a Motion for Summary Judgement in this action.  Pretrial discovery

---

[4]  Even if Mr. Shantz's Motion to Dismiss was not granted on this ground, Plaintiff has not alleged sufficient facts to prove that Mr. Shantz acted with deliberate indifference to Plaintiff's serious medical need.  Mr. Shantz's Motion to Dismiss is granted on this ground as well.

in this matter is far from complete.  For this reason, a decision on a Motion for Summary Judgement would be premature at this stage of the case.  Therefore, Plaintiff's Motion for Summary Judgement is denied without prejudice because it is prematurely filed.

Plaintiff has also filed a Motion for a Preliminary Injunction, requesting that this Court order all Defendants in this action to require BCCF mental health doctors to meet with Plaintiff once every thirty (30) days to monitor his medication.  Because Plaintiff has not demonstrated a likelihood of success on the merits or that he will suffer irreparable injury if the injunction is not granted, Plaintiff's Motion will be denied.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgement is denied without prejudice as prematurely filed; Plaintiff's Motion for a Preliminary Injunction is denied for the reasons noted above; Defendants Gubernik, Moore, Budd, Estepp, Brandt, Cawley, Shantz and Haring's Motions to Dismiss are Granted.  Plaintiff may file a Second Amended Complaint within thirty (30) days of this Order, only as to Defendants Budd, Estepp and Brandt, in order to more specifically allege actual physical injury and deliberate indifference to Plaintiff's serious medical need.  If Plaintiff fails to file a Second Amended Complaint within thirty (30) days, this action will be dismissed.  An appropriate Order follows.

14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL LIVERMAN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 08-1562 |
| | : | |
| v. | : | |
| | : | |
| HARRIS GUBERNIK, et al., | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

AND NOW, this 30th day of December, 2008, upon consideration of the Motions to Dismiss the Amended Complaint filed by Defendants Gubernik, Moore, Budd, Estepp, Brandt, Cawley, Shantz, and Haring, Plaintiff's Motion for Summary Judgement and Plaintiff's Motion for a Preliminary Injunction, it is hereby ORDERED as follows:

1.   Plaintiff's Motion for Summary Judgement is DENIED without prejudice;

2.   Plaintiff's Motion for a Preliminary Injunction is DENIED;

3.   Defendants Gubernik, Moore, Budd, Estepp, Brandt, Cawley, Shantz and Haring's Motions to Dismiss Plaintiff's Amended Complaint are GRANTED;

3.   Plaintiff's Amended Complaint against Defendants Gubernik, Moore, Cawley, Shantz and Haring is DISMISSED with prejudice;

4.   Plaintiff's Amended Complaint against Defendants Budd, Estepp and Brandt is DISMISSED without prejudice;

5.   Plaintiff may file a Second Amended Complaint within thirty (30) days of this Order, only as to Defendants Budd, Estepp and Brandt, in order to more

15

specifically allege actual physical injury and deliberate indifference to Plaintiff's

serious medical need in accordance with the Memorandum of the Court dated

December 30, 2008; and

6.      The Clerk shall close this case as to Defendants Gubernik, Moore, Cawley, Shantz

and Haring.


                                        BY THE COURT:


                                        s/ Joel H. Slomsky
                                        JOEL H. SLOMSKY, J.

16